UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK C. TROTTER,<br>The DocGraph Journal<br>PO Box 14100<br>Houston, TX 77221<br><br>    Plaintiff,<br>       v.<br><br>CENTERS FOR MEDICARE AND<br>MEDICAID SERVICES,<br>7500 Security Boulevard<br>Baltimore, MD 21244-1850<br><br>    Defendant. | Civ. No. 19-2008 |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Frederick C. Trotter (hereinafter "Trotter" or "Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by Defendant Centers for Medicare and Medicaid Services (hereinafter "CMS") in failing to provide Plaintiff with all non-exempt records responsive to his FOIA request (hereinafter "Plaintiff's request") of January 13, 2014 which was received and acknowledged by CMS on January 22, 2014. In the Plaintiff's request the records that the Plaintiff sought included email addresses of eligible providers and email addresses for the contact person for an individual or an organization of eligible providers.

1

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (Federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff's business is resident in the State of Texas, County of Harris and is owner of The DocGraph Journal, a media business that supplies medical information and data to journalists.

5. Defendant CMS is a Federal agency of the United States, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, inter alia, that all Federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires Federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § (a)(6)(A)(I).

8. FOIA also requires Federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the Federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B)

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

**VI. FACTUAL ALLEGATIONS**

13. On or about January 22, 2014, the Centers for Medicare and Medicaid Services (CMS) acknowledged receipt of the Plaintiff's FOIA request seeking records, email addresses of eligible providers and email addresses for the contact person for an individual or an organization of eligible providers.

14. On or about January 22, 2014 Defendant responded to the Plaintiffs request and assigned it Control number 011320147050 and PIN V8RH. Defendant stated that it had identified records but was not releasing any records.

15. On or about March 29, 2019 Defendant informed Plaintiff that it was issuing a final response to Plaintiff's request and informed Plaintiff that he had a right to administratively appeal CMS' final response.

16. On or about May 13, 2019 Plaintiff submitted his administrative appeal via certified mail with return receipt requested.

17. On or about May 15, 2019 Defendant received and signed for the administrative appeal.

18. As of the date of the filing of this action, Defendant has not decided the administrative appeal. As of the date of the filing of this action, Plaintiff has still not received any agency decision, or the records responsive to his request.

## VII. CLAIMS FOR RELIEF

19. Plaintiff alleges paragraphs 1 – 18 as previously set forth herein.

20. Defendant CMS has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for Plaintiff's request.

21. By failing to provide Plaintiff with all non-exempt responsive records to his request as described in paragraph 13 above, Defendant CMS has denied Plaintiff his right to these records and the information contained there as provided by the Freedom of Information Act.

22. Defendant CMS has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's request.

23. By failing to perform an adequate search reasonably calculated to locate all responsive

records to the Plaintiff's request the CMS has denied Plaintiff's right to this information as provided by law pursuant to the Freedom of Information Act.

24. Unless enjoined by this Court, Defendant CMS will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his request described in paragraph 13 above.

25. Plaintiff is directly and adversely affected and aggrieved by Defendant CMS' failure to provide responsive records to the Plaintiff's request described above.

26. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants to prosecute this action.

27. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff Frederick C. Trotter, providing the following relief:

1. Declare Defendant CMS has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to Plaintiff's request.

2. Declare Defendant CMS has violated FOIA by failing to complete an adequate search for records responsive to the Plaintiff's request.

3. Direct by injunction that Defendant CMS perform an adequate search for records responsive to Plaintiff's request, and provide Plaintiff with all non- exempt responsive records to Plaintiff's request.

    4. Grant Plaintiff Frederick C. Trotter costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

    5. Provide such other relief as the Court deems just and proper.

DATED this 5th day of July 2019.


Respectfully submitted,

/s/_____

C. Peter Sorenson
DC Bar No. 438089

SORENSON LAW OFFICE
PO Box 10836
Eugene, Oregon 97440
541-606-9173
petesorenson@gmail.com

**Attorney for Plaintiff**

6